AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

| LODGED<br>CLERK, U.S. DISTRICT COURT<br>11/15/2021<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: __DM__ DEPUTY | FILED<br>CLERK, U.S. DISTRICT COURT<br>11/15/21<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: __HC__ DEPUTY |

# UNITED STATES DISTRICT COURT

for the

Central District of California

United States of America

v.

Dean Edward Manes,

Defendant(s)

Case No. 2:21-mj-05219

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of April 24, 2021 in the county of Ventura in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/S/
_____
Complainant's signature

Merrilee Goodwin, FBI Special Agent
_____
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: November 15, 2021

_____
Judge's signature

City and state: Los Angeles, California

Hon. Gail J. Standish, U.S. Magistrate Judge
_____
Printed name and title

AUSA: El-Amamy x0552

**AFFIDAVIT**

I, Merrilee Goodwin, being duly sworn, declare and state as follows:

## I.   INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been a Special Agent with the FBI since 1998. I am currently assigned to a Domestic Terrorism Squad of the Los Angeles Field Office, where I primarily investigate people who commit violent criminal acts in furtherance of their political or social ideology, and investigate threats associated with the nefarious use of chemical, biological, radiological, nuclear, and explosive materials. In this capacity, I investigate federal crimes pertaining to terrorism and have gained experience in cyber-based matters including those involving dark web markets. As a result, I am familiar with the methods used by criminals in furtherance of their criminal activities in both the virtual and physical worlds, and I have received both formal and informal training from the FBI and other institutions regarding cyber and computer crime investigations and review of digital devices. As a Special Agent, I completed the FBI Academy in Quantico, Virginia, and received training to include the fundamentals of law, ethics, interviewing, report writing, firearms, surveillance, defensive tactics, and case management. I have also received training regarding the methods of operations of individuals who distribute drugs.

## II. PURPOSE OF AFFIDAVIT

2.     This affidavit is made in support of a criminal complaint against, and arrest warrant for, Dean Edward MANES ("MANES") for violations of Title 18, United States Code, Section 922(g)(1): Felon in Possession of a Firearm and Ammunition (the "Subject Offense").

3.     The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only and all dates are approximate.

## III. STATEMENT OF PROBABLE CAUSE

4.     Based on my review of a law enforcement report prepared by Simi Valley Police Department ("SVPD") Officer Williamson, I am aware of the following:

   a.    On April 24, 2021, at approximately 8:59 a.m., law enforcement officers with SVPD reported to room 124 of the Holiday Inn Express located at 2550 Erringer Road in Simi Valley, California to assist bail agents who were attempting to arrest MANES.  Prior to the arrival of SVPD officers, the bail agents had broken the two front windows of the room and had

discharged a pepper device into the room in their attempt to arrest MANES.

    b. Upon arrival, SVPD officers observed that MANES was already detained by the bail agents and was seated handcuffed in the bail agents' vehicle.  Officer Williamson used a SVPD Mobile Digital Terminal and determined that MANES had a felony arrest warrant in Los Angeles County and was on Post Release Community Supervision.  Bail agents informed SVPD officers that they would book MANES at the Twin Towers Correctional facility in Los Angeles County and that they believed that the room contained weapons which they had not recovered during the detention of MANES.

    c. Two other individuals exited the room – K.C. and T.P.  K.C. informed a SVPD officer that she had used her identification and credit card to leave the room deposit and check in to the room.  Officer Williamson asked K.C. and T.P. if law enforcement officers could search the room, and K.C. and T.P. gave consent to SVPD law enforcement officers to enter the room and search it.

    d. Upon entering the room, SVPD officers observed numerous real and fake government identification materials, as well as a laptop computer that was hooked up to a printer and which was printing the credit rating score of an unknown individual.  Officer Williamson also observed acetone and numerous checks which were partially printed or blank, as well as a large credit card embosser machine, blank credit cards, and

3

electronic reception equipment which appeared to be used in the counterfeiting or cloning of credit cards.

  e. Under the mattress of a bed facing the north side of the room, Officer Wismar located a Glock style "ghost gun" without a serial number with a bullet in the chamber and a loaded ammunition magazine inserted into the firearm.

  f. Underneath the mattress of a bed facing the south side of the room, Officer Williamson located a second black colored Glock style "ghost gun" without a serial number with a bullet in the chamber and a loaded ammunition magazine inserted into the firearm. He also located a shotgun in a case on a shelf in the bathroom. The shotgun barrel was sawed off and the case contained shotgun ammunition, but the weapon was not loaded. Finally, he located four additional Glock style high-capacity magazines and a pistol barrel in the room.

  g. Both K.C. and T.P. denied ownership or possession of the firearms and ammunition, the identification materials, and the credit card cloning devices in the room. K.C. said that she only had clothes and drug paraphernalia in the room. T.P. said that he only had one blue bag in the room, which contained clothes.

 5. On June 2, 2021, I and FBI Task Force Officers ("TFOs") Guevarra and Morton interviewed MANES, who was in custody at Men's Central Jail in Los Angeles. I read MANES an Advice of Rights form and provided him with a written copy of the form. MANES signed the form and agreed to be interviewed

4

by me and the TFOs. I recorded the interview. During the interview, MANES stated the following:

      a. He was arrested by bail agents while staying in the hotel room on April 24, 2021. When he opened the hotel room door and saw a bail agent, he kicked the door closed.

      b. The three firearms in the room belonged to him.

6. On October 7, 2021, Special Agent Tiffany Lamphere, a Firearms and Ammunition Interstate Nexus Expert with the Bureau of Alcohol, Tobacco, Firearms and Explosives, examined the shotgun and ammunition that law enforcement officers seized from MANES on April 24, 2021. From her report, I learned that:

      a. The Browning model A5 - Sweet Sixteen, 16-gauge shotgun, bearing serial number 116ZR02282, was assembled in Portugal by Browning Viana and imported into the United States by the Browning Arms Company in Morgan, Utah. The item is also a "short-barreled shotgun" as defined by Title 18, United States Code, Section 921(a)(6).

      b. The seventeen rounds of 9mm Luger caliber ammunition with the headstamps "FC" over "9MM LUGER" were manufactured by Speer in Lewiston, Idaho.

      c. The sixteen rounds of 9mm Luger caliber ammunition with the headstamps "BLAZER" over "9mm LUGER" were manufactured by CCI/Speer in Lewiston, Idaho or by the Federal Cartridge Company in Anoka, Minnesota.

      d. One round of 9mm Luger caliber ammunition with the headstamp "WIN" over "9MM LUGER," one round of 9mm Luger caliber ammunition with the headstamp "WIN" over "9mm LUGER,"

5

and one round of 9mm Luger caliber ammunition with the headstamp "WIN" over "9mm LUGER+P" were manufactured by Winchester Ammunition in East Alton, Illinois or in Oxford, Mississippi.

   e. One round of 9mm Luger caliber ammunition with the headstamp "R-P" over "9mm LUGER," and one round of 9mm Luger caliber ammunition with the headstamp "R-P" over "9mm Luger" were manufactured by Remington Ammunition in Lonoke, Arkansas or in Bridgeport, Connecticut.

   f. The five rounds of 16-gauge shotgun shells with headstamps "WINCHESTER" over "16 GA" (with "SUPER X 2 ¾ IN-1/8" on the shell) were manufactured by Winchester Ammunition in East Alton, Illinois or in Oxford, Mississippi.

  7. I have reviewed certified conviction documents related to some of the convictions that MANES has previously sustained. I am aware that MANES has been convicted of at least one of the following crimes punishable by imprisonment for a term exceeding one year:

   a. Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number MA039010, on or about July 2, 2007; and

   b. False Personation, in violation of California Penal Code Section 530.5(c)(3), in the Superior Court of the State of California, County of Los Angeles, Case Number MA064345, on or about January 20, 2016.

## IV. CONCLUSION

8.  For the reasons described above, I respectfully submit there is probable cause to issue the requested criminal complaint and arrest warrant.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __15__ day of
November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

Case 2:21-mj-05219-DUTY   Document 1   Filed 11/15/21   Page 9 of 9   Page ID #:9